UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BURT A. SMITH,<br><br>      Plaintiff,<br><br>v.<br><br>LESLEE BROOKS, DELIGHT GRISWOLD, SAMANTHA MAY and WARDEN B. TRUE,<br><br>      Defendants. | Case No. 18-cv-146-JPG-MAB |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 44) of Magistrate Judge Mark A. Beatty recommending that the Court deny defendant Warden B. True's motion to dismiss for failure to state a claim (Doc. 32). True has objected to the Report (Doc. 45).

**I.    Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

**II.    Background**

Plaintiff Burt A. Smith, at all relevant times an inmate at the United States Penitentiary at Marion, Illinois ("USP-Marion"), claims in this *Bivens* suit that defendants Leslee Brooks, Delight Griswold and Samantha May (all medical personnel at USP-Marion) were deliberately

indifferent to his serious medical need for treatment of post-surgical swelling, infection and pain. Smith seeks to hold True, the warden at USP-Marion at the time, liable for the allegedly inadequate medical treatment. Smith asserts that True is liable because he was aware from grievances he received of Smith's ongoing post-surgical medical problems and the lack of medical care, yet he failed to act to ensure he received appropriate care.

True asks to be dismissed from the case because there is no allegation he was personally responsible for Smith's medical treatment, which he left to USP-Marion medical personnel. He specifically points to his September 19, 2017, grievance response in which he stated that he looked into Smith's treatment complaints and relied on medical staff to provide appropriate treatment. Smith argues that the inadequacy of his care was so obvious—continued pain and swelling more than four months after surgery—that True must have known medical personnel were not giving him adequate treatment, and then deliberately failed to act on that knowledge.

### III. The Report and Objection

Magistrate Judge Beatty noted that ordinarily non-medical prison officials may defer to medical personnel to appropriately care for inmates' medical needs. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). However, he noted that this general rule does not hold true where the non-medical official knows or has a reason to believe the medical personnel are not properly treating an inmate. *Id.* at 755-56. Magistrate Judge Beatty concluded that Smith's pleading, including the grievances mentioned therein, alleges facts plausibly suggesting True knew about Smith's medical problems and knew that such problems should not exist four months after surgery where adequate medical treatment is provided. Magistrate Judge Beatty further concluded that True's failure to act on this knowledge, instead deferring to medical personnel who were not resolving Smith's problems, plausibly suggests deliberate indifference.

In his objection, True notes that his September 17, 2017, grievance response demonstrates that he reviewed the treatment Smith received and reasonably determined medical personnel were appropriately treating Smith. He also objects to Magistrate Judge Beatty's omission of any recommendation regarding qualified immunity, which True raised in his motion to dismiss.

**IV.    Analysis**

In reviewing the matter *de novo*, the Court must keep in mind that True brings his motion under Federal Rule of Civil Procedure 12(b)(6). As Magistrate Judge Beatty noted, in deciding such motions, the Court takes the plaintiff's factual allegations in his complaint as true. However, the factual assertions within an exhibit to the complaint (*e.g.*, True's grievance response) need not be. While everyone agrees his grievance response can be considered in ruling on this motion, the Court need not take the substantive statements within that grievance response as true; they are unsworn statements that are not entitled to a presumption of truth like Smith's allegations in his pleading. Therefore, the Court need not credit True's grievance response with describing the medical treatment Smith actually received or the inquiries True actually made as to Smith's condition.

That being said, Smith alleges in his pleading that he suffered more than eight months of pain and swelling treated only with ineffective pain medications and ice packs while effective treatment was denied or delayed. His complaint alleges he filed multiple grievances[1] that made

---

[1] True urges the Court to reject that Smith filed multiple grievances because Smith did not provide details of multiple grievances in his pleading and did not argue them in his response to True's motion to dismiss. True has not cited any authority requiring Smith to provide details of all relevant grievances or to argue them in his motion briefing. Smith's allegation in his pleading he filed "grievances" is enough for the Court to reasonably conclude that he filed more than one.

it to True describing conditions that even a lay-person like True should know are not normal post-surgical conditions, and the ineffective treatment—or lack of treatment—he received for those conditions. *See* Am. Compl. ¶ 49 (Doc. 27) (True responded to grievances "knowing that Plaintiff had recently had surgery, aggravated his injury by having to work within four days of his surgery, and was *not receiving any medical attention* despite ongoing severe pain and swelling. . ." (emphasis added)). These facts plausibly suggest True had a reason to believe the medical personnel were not properly treating Smith. Thus, taking Smith's allegations as true, the facts plausibly suggest that True's reliance on medical personnel in the circumstances was not reasonable and that he was deliberately indifferent for not taking action to see that Smith got the treatment he needed in a timely manner.

The Court must arrive at this conclusion because it is the pleading stage of the case. However, at a later stage of the case where evidence is taken—summary judgment or trial—True is free to present evidence of the circumstances surrounding his decision to rely on the medical staff to show that he acted reasonably (*e.g.*, what inquiries he made of whom that led to his decision to rely on medical personnel). As True notes in his objection, such information, considered at the proper stage of the case, would be relevant to showing whether True's state of mind rose to the level of deliberate indifference.[2]

True attempts to distinguish this case from *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), on the facts. In *Perez*, the Court of Appeals for the Seventh Circuit reversed the dismissal of claims against prison officials who were aware of the details of allegedly

---

[2] Indeed, most of the cases True cites to justify his deference to medical officials were decided on summary judgment. *See Giles v. Godinez*, 914 F.3d 1040 (7th Cir. 2019); *Greeno v. Daley*, 414 F.3d 645 (7th Cir. 2005); *Thornton v. Godinez*, 720 F. App'x 762 (7th Cir. 2017).

unconstitutional conditions, had the authority to do something about them, but did not respond to the inmate's complaints. *Id.* at 781-82. True draws a distinction because he *did* respond to Smith's grievances by his written grievance response. Smith alleges, however, that True did not do anything within his power to remedy those grievances. The Court finds that the presence or absence of a formal response from a prison official is irrelevant if the *de facto* response—doing nothing—is the same. This case falls squarely within *Perez*'s holding.

*Perez* and the cases cited therein also show that True is not entitled to qualified immunity. Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). The qualified immunity test has two prongs: (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the official's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232; *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).

*Perez* and the cases cited therein show that, by 2017, the facts alleged by Smith clearly establish a constitutional violation of which a reasonable prison official would have been aware. *See id.* (citing *Vance v. Peters,* 97 F.3d 987, 992-93 (7th Cir. 1996); *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir.1995)). Those cases hold, as early as 1995, that "[a]n inmate's correspondence to a prison administrator may . . . establish a basis for personal liability under

5

§ 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 781-82. The administrator's subsequent refusal to exercise the authority of his office to stop or cure the deprivation may constitute deliberate indifference. *Id.* at 782. That is exactly what Smith alleges in this case. Therefore, True is not entitled to qualified immunity.

For the foregoing reasons, the Court hereby:

- **ADOPTS** the Report (Doc. 44) as **SUPPLEMENTED** by this order;

- **OVERRULES** True's objection (Doc. 45); and

- **DENIES** True's motion to dismiss (Doc. 32)

**IT IS SO ORDERED.**
**DATED:   March 18, 2019**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
